08-3454-cr
United States v. Martinez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: June 18, 2009                                      Decided: July 13, 2009)

Docket No. 08-3454-cr

UNITED STATES,

        *Appellee*,

        v.

MARTIN P. MARTINEZ, also known as Martin Ortega,

        *Defendant-Appellant.*

Before: MINER, CABRANES, and HALL, *Circuit Judges.*

        Defendant-appellant Martin P. Martinez appeals from the June 26, 2008 final order of the District Court for the Southern District of New York (Richard M. Berman, *Judge*) denying his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We agree with the District Court that, because Martinez was sentenced as a career offender, his sentence was not "based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2). He is, therefore, ineligible for sentence reduction. The judgment of the District Court is therefore affirmed.

> AMIE N. ELY (Lev L. Dassin, Acting United States Attorney for the Southern District of New York, *on the brief*, Andrew L. Fish, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

> EDWARD S. ZAS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Appellant.*

PER CURIAM:

Defendant-appellant Martin P. Martinez was convicted in 2001, following a plea of guilty, of one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (also known as "crack"), in violation of 21 U.S.C. § 846. As part of his plea agreement, Martinez stipulated that he was a career offender under § 4B1.1 of the Sentencing Guidelines (the "Guidelines"), and that the applicable Guidelines range was thus 151 to 188 months. J.A. 7. At Martinez's April 30, 2001 sentencing hearing in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*), the Court adopted the findings of fact and Guidelines calculations set forth in the Presentence Investigation Report of the United States Probation Office ("USPO"), including Martinez's designation as a career offender. The District Court noted Martinez's long criminal history and difficult personal circumstances and, as recommended by the USPO and urged by defense counsel, imposed a sentence of 151 months' imprisonment, the lowest sentence within the applicable Guidelines range. J.A. 13.

In March 2008, Amendment 706 to the Guidelines, which reduced offense levels under § 2D1.1—applicable to crack cocaine offenses—by two levels, was made retroactive by Amendment 713 (collectively, the "'crack' cocaine amendments").[1] On June 5, 2008, Martinez moved for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2),[2] which provides that a defendant whose original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduced sentence. Martinez argued that, although he was sentenced under the career offender guideline range, the "base offense level" for his sentence was calculated under the crack cocaine guideline. He further argued that this base-level calculation meant his sentence was "based on" the now-amended § 2D1.1, and so he should be eligible for a reduced sentence. J.A. 26. The USPO and the government both disagreed with Martinez, arguing that his sentence was based on the career offender range, which remains unaltered by the crack cocaine amendments. They argued that Martinez's sentence was not "based on" § 2D1.1, and was therefore not based on "a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, the government argues Martinez is not eligible for a reduction. In a June 26, 2008 hearing, the District Court ruled that Martinez was not eligible for a sentence reduction "because the so-called crack cocaine amendments do not change the career offender provisions in the United States

---

[1] The United States Sentencing Commission added Amendment 706 to the list of amendments identified in U.S.S.G. § 1B1.10(c) that could be applied retroactively as of March 3, 2008. U.S.S.G. App. C, Amend. 713.

[2] Title 18 U.S.C. § 3582(c)(2) provides: "The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Sentencing Guidelines," and it denied the defendant's motion in an order entered on that date. J.A. 36-38.

## DISCUSSION

The only issue on appeal is whether Martinez is eligible for a sentence reduction under the crack cocaine amendments, pursuant to 18 U.S.C. § 3582(c)(2), having been sentenced as a career offender under § 4B1.1 of the Guidelines. The determination of whether "an original sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), is a matter of statutory interpretation and is thus reviewed *de novo*. *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

"A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007). However, in limited circumstances a sentence reduction may be authorized by Congress and the Sentencing Commission. *See id.* (citing 18 U.S.C. § 994(o)). Specifically, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, reducing a defendant's sentence pursuant to § 3582(c)(2) is only appropriate if (a) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (b) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

### A. Based on a Subsequently Lowered Guidelines Range

Reducing Martinez's sentence is not appropriate because his sentence was not based on a Guidelines range that has been "subsequently . . . lowered" by the Sentencing Commission. Amendment 706 to the Sentencing Guidelines generally reduced by two levels the offense levels under § 2D1.1 applicable to crack cocaine offenses. Martinez, however, was sentenced under the career offender guideline, § 4B1.1, which remains unaffected by the crack cocaine amendments.[3]

In *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009), we held that a defendant who was

---

[3] We adopt the Third Circuit's view that "the term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). Therefore to determine which Guideline a defendant's sentence is "based on" we look only to the end result of the overall calculus—the career offender sentence—and not to the "interim" steps taken by the District Court.

designated a career offender but was then granted a downward departure below the career offender range qualified for a reduced sentence. We permitted reduction of McGee's sentence because "the district court explicitly stated that it was departing from the career offender sentencing range to the level that the defendant *would have been in absent the career offender status* calculation and consideration," and it was thus effectively sentencing him under the crack cocaine guideline. *McGee*, 553 F.3d at 227 (emphasis added and internal quotation marks omitted). In other words, McGee *could have been* sentenced under § 4B1.1 but was *in fact* sentenced under § 2D1.1. Because his career offender designation did not determine his sentence, § 2D1.1 applied for purposes of sentence reduction, rather than § 4B1.1.

By contrast, Martinez's original sentence in the instant case was "based on" the career offender guideline, and not the crack cocaine guideline. The fact that, but for his career offender designation, Martinez's sentence would have been based on the now-amended crack cocaine guideline is of no relevance for purposes of a sentence reduction. The simple fact is that Martinez was indeed sentenced under § 4B1.1, which remains unamended.

In *Williams* we held that, once a mandatory minimum subsuming and displacing an otherwise applicable guideline range applies, a defendant's sentence is no longer "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 551 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(2)). Here, as in *Williams*, the District Court first calculated the applicable Guidelines range under § 2D1.1, but that range "had no bearing on Martinez's ultimate] sentence." *Id.* Rather, Martinez's career offender designation and § 4B1.1 "subsumed and displaced" § 2D1.1, the "otherwise applicable range." *Id.* Martinez's sentence was therefore not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See id.*

Several of our sister Circuits have also held that a defendant sentenced as a career offender is not eligible for sentence reduction under the crack cocaine amendments. *See e.g., United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) ("Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing [the defendant]."); *United States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) ("Although the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1, which is what set [the defendant's] sentencing range.").

The Court of Appeals for the Third Circuit recently addressed the specific argument that Martinez asserts here—that his sentence was "based on" § 2D1.1 "because the District Court consulted that section in calculating his offense level." *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). The Third Circuit rejected this argument, stating that "the term 'sentencing range' clearly contemplates

4

the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." *Id.* (quoting *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008)).  In addition, we have had occasion to rely on the Eleventh Circuit's decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), for the proposition that "because defendants were sentenced as career offenders, . . . Amendment 706 had no effect on the sentencing range that the district court relied on in determining the sentences." *Williams*, 551 F.3d at 185-86 (summarizing and relying on *Moore*).

We now join our sister Circuits in holding that a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines.

## B.  Consistent with Applicable Sentencing Commission Policy Statements

Permitting the reduction of Martinez's sentence under the crack cocaine amendments would also be inconsistent with U.S.S.G. § 1B1.10(a), the applicable Sentencing Commission policy statement, because the crack cocaine amendments do not have the effect of lowering the guidelines range on which Martinez's sentence was based—§ 4B1.1.  The applicable Commission policy statement, § 1B1.10(a),[4] which became effective on March 3, 2008, provides that a court may reduce a defendant's sentence so long as the reduction is consistent with the policy statement.  Reducing a defendant's sentence is *not* consistent with the policy statement if none of the amendments listed in § 3582(c)(2) apply to the defendant, or an amendment listed therein "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a).

As we observed in *Williams*, "[w]e are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if

---

[4] Section 1B1.10(a) provides:

(1) In General. — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions. — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if — (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)

5

doing so is consistent with applicable policy statements issued by the Sentencing Commission." *Williams*, 551 F.3d at 186 (internal quotation marks omitted). As discussed above, Amendment 706 did not lower the defendant's applicable guideline range. It would therefore be inconsistent with U.S.S.G. § 1B1.10(a) to permit reduction of Martinez's sentence on the basis of the amendments to the crack cocaine guidelines.

## CONCLUSION

The District Court properly found that Martinez is not eligible for a sentence reduction because his sentence under § 4B1.1 was not "based on a sentencing range that was subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2).

Accordingly, the June 26, 2008 order of the District Court is AFFIRMED.