SUMMARY ORDER

Reginald Bell appeals from an order of the United States District Court for the Southern District of New York (Berman, J.), which denied Bell’s motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
“The determination of whether an original sentence was ‘based on a sentencing range that was subsequently lowered by the Sentencing Commission,’ 18 U.S.C. § 3582(c)(2), is a matter of statutory interpretation and is thus reviewed de novo.” *615 United States v. Martinez, 572 F.3d 82, 84 (2d Cir.2009) (per curiam) (citing United States v. Williams, 551 F.3d 182, 185 (2d Cir.2009)).
Bell was convicted in 2003, following a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute “crack” cocaine, in violation of 21 U.S.C. § 846. At Bell’s August 13, 2003 sentencing hearing, the district court sentenced Bell as a career offender under § 4B1.1 of the Sentencing Guidelines (the “Guidelines”) and imposed a sentence of 151 months’ imprisonment, the lowest sentence within the applicable Guidelines range.
Effective November 1, 2007, Amendment 706 to the Guidelines reduced offense levels under § 2D1.1 — applicable to crack cocaine offenses — by two levels. In March 2008, Amendment 713 to the Guidelines made this reduction retroactive. On May 14, 2008, Bell moved for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on these amendments. Following written submissions and argument, on July 16, 2008, the district court denied Bell’s motion.
Although Bell was convicted of a violation of 21 U.S.C. § 846, his sentence was based on the career offender guideline (§ 4B1.1), not on the crack cocaine guideline (§ 2D1.1). “[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines.” Martinez, 572 F.3d at 85. The district court properly found that Bell is not eligible for a sentence reduction because his sentence under § 4B1.1 was not “based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2).
Bell argues that he is entitled to be resentenced pursuant to 18 U.S.C. § 3553(a), without reference to 18 U.S.C. § 3582(c)(2). This argument is without merit. First, the sentencing factors enumerated in § 3553(a) become relevant only after the court determines that a defendant is eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2), and Bell is not eligible for resentencing pursuant to § 3582(c). Second, the district court did revisit the § 3553(a) sentencing factors at the July 16, 2008 argument and determined that Bell’s sentence “remained appropriate in light of those factors.” App. G at 6.
Bell challenges a 1976 state court conviction. However, a “defendant may not collaterally attack prior state court felony convictions during a federal sentencing hearing unless the defendant was deprived of counsel in the state court proceedings,” United States v. Jones, 27 F.3d 50, 51-52 (2d Cir.1994) (per cmiam), something that Bell does not contend occurred here.
Accordingly, we hereby AFFIRM the order of the district court.