**UNITED STATES of America,**
**Appellee,**

v.

**Gerald DRIFFIN and DePaul Crudup,**
**Defendants–Appellants.**

**Nos. 08–5917–CR(L), 08–5948–CR(CON).**

United States Court of Appeals,
Second Circuit.

Dec. 18, 2009.

Thomas G. Dennis, Federal Defender, Hartford, CT, Nancy E. Martin, Collins & Martin, P.C., Wethersfield, CT, for Appellants.

Nora R. Dannehy, U.S. Atty., New Haven, CT, for Appellee.

PRESENT: JON O. NEWMAN, RALPH K. WINTER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Gerald Driffin and DePaul Crudup appeal from the District Court's orders entered on November 25, 2008, and November 19, 2008, respectively, denying their motions for reduction of their sentences pursuant to 18 U.S.C. § 3582(c). They seek the benefit of the Sentencing Commission's amendment 706, effective November 1, 2007, applicable retroactively pursuant to Amendment 713, effective March 3, 2008. Amendment 706 reduced the base offense level for most crack offenses.

We assume the parties' familiarity with the facts and procedural aspects of these cases.

Driffin and Crudup were both sentenced as career offenders pursuant to the career offender guidelines. *See* U.S.S.G. § 4B1.1. We have previously ruled that defendants sentenced as career offenders are not eligi-

ble for consideration pursuant to section 3582(c) because their sentences were not based on a guideline that was subsequently lowered by the Sentencing Commission. *See United States v. Martinez,* 572 F.3d 82 (2d Cir.2009). The appellants' attempts to distinguish their cases from *Martinez* are without merit.

We affirm in both cases.