09-0758-cr
United States v. Castillo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of May, two thousand and ten.

PRESENT:

>    JOSÉ A. CABRANES,
>    ROBERT A. KATZMANN,
>         *Circuit Judges,*
>    J. GARVAN MURTHA,
>         *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        *Appellee,*

   v.                           No. 09-0758-cr

ALBERTO CASTILLO,

        *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**           Jonathan J. Einhorn, New Haven, Connecticut.

---

[*] The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR APPELLEE:** Paul A. Murphy and Sandra S. Glover, Assistant United States Attorneys, and Nora R. Dannehy, United States Attorney, District of Connecticut.

Appeal from a February 29, 2009 order of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order is **AFFIRMED**.

Defendant-appellant Alberto Castillo ("defendant") pleaded guilty in the District Court to possession with intent to distribute five grams or more of cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). The District Court calculated his sentencing range under the United States Sentencing Guidelines (U.S.S.G.) to be 188 to 235 months' imprisonment. The Court based that calculation on the Guidelines for career offenders, *see* U.S.S.G. § 4B1.1, *not* on the Guidelines that set forth the offense levels for crack cocaine offenses, *see id.* § 2D1.1. The Court then departed downward from defendant's Guidelines range under U.S.S.G. § 5H1.3 and § 5K2.0 and sentenced defendant principally to 120 months' imprisonment.

Following appellant's conviction, the United States Sentencing Commission instituted a two-level, retroactive reduction to the Guidelines offense level for crimes relating to crack cocaine. *See generally United States v. Main*, 579 F.3d 200, 202 (2d Cir. 2009). Appellant then moved in the District Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The District Court denied defendant's motion on the ground that defendant's sentence was "based on" a "departure" from the career offender Guidelines and was *not* "explicitly based on" the amended offense levels for crack cocaine offenses.

We agree with the District Court that defendant's sentence was not "based on" the amended crack cocaine offense levels. *See United States v. Martinez*, 572 F.3d 82, 84-86 (2d Cir. 2009). Accordingly, we hold that defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

We have considered defendant's remaining arguments on appeal and have determined that they are meritless.

**CONCLUSION**

For the foregoing reasons, the District Court's February 29, 2009 order is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court