08-3244-cr
United States v. Moulton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT: JON O. NEWMAN,
CHESTER J. STRAUB,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                        No. 08-3244-cr

GARY MOULTON,

*Defendant-Appellant.*

------------------------------------------------------------------------------

FOR APPELLANT: Barry D. Leiwant, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

FOR APPELLEE: J.E. Shreve Ariail, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (I.

Leo Glasser, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order entered on June 23, 2008, is AFFIRMED.

Gary Moulton was convicted in 1990, after a jury trial, of possession with intent to distribute more than five grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced Moulton as a career offender to 262 months' imprisonment. See U.S.S.G. § 4B1.1. Moulton here appeals from the denial of his pro se motion for a sentence reduction. Because this appeal turns on an issue of statutory interpretation, we review the district court's decision de novo. See United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"A district court may not generally modify a term of imprisonment once it has been imposed." United States v. McGee, 553 F.3d 225, 226 (2d Cir. 2009) (alteration and internal quotation marks omitted). Under 18 U.S.C. § 3582(c)(2), however, a district court may reduce a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Now represented by counsel, Moulton submits that Amendment 706, which provides a two-level reduction in base offense levels for crack cocaine offenses and was

2

made retroactive by Amendment 713, see United States v. McGee, 553 F.3d at 226 & n.1, permitted the district court to reduce his sentence.  Moulton acknowledges that, because he was sentenced as a career offender, Amendment 706 would not have the effect of lowering the applicable Guidelines range for his sentence.  See U.S.S.G. § 1B1.10(a)(2)(B) (providing that sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" if, inter alia, Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range").  Nevertheless, he maintains that he is entitled to a reduction because his sentence was, in part, "based on" the now-amended crack cocaine Guidelines.  18 U.S.C. § 3582(c)(2).

The argument is foreclosed by United States v. Martinez, 572 F.3d 82 (2d Cir. 2009), decided after briefs were submitted in this case.  Martinez holds that a defendant whose sentencing range is based on the career offender Guideline, see U.S.S.G. § 4B1.1, is not eligible for a sentence reduction under the amended crack cocaine Guidelines, see United States v. Martinez, 572 F.3d at 84-85.  Those of our sister circuits to consider the issue have similarly ruled.  See United States v. Munn, 595 F.3d 183, 187 & n.7 (4th Cir. 2010); United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009); United States v. Perdue, 572 F.3d 288, 293 (6th Cir. 2009); United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009); United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Liddell, 543 F.3d 877, 882-83 & n.3 (7th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008); United States v. Thomas,

524 F.3d 889, 890 (8th Cir. 2008); see generally United States v. McGee, 553 F.3d at 227 (noting "consensus" that defendant sentenced under career offender Guideline does not qualify for sentencing reduction under crack cocaine amendment). We, therefore, conclude that the district court correctly denied Moulton's motion for a sentence reduction.

We have considered Moulton's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the June 23, 2008 order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court