10-1694-cr
USA v. Cannon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand eleven.

PRESENT:

>    JOSÉ A. CABRANES,
>    ROSEMARY S. POOLER,
>    DENNY CHIN,
>            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

          *Appellee,*

          -v.-                                                      No. 10-1694-cr

BRADFORD CANNON,

          *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Bradford Cannon, *pro se* (incarcerated), Lompoc, CA.

**FOR APPELLEE:**          Andrew L. Fish, Assistant United States Attorney (Preet Bharara, United States Attorney, and Katherine Polk Pailla, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY.

1

Appeal from an order entered May 5, 2009 in the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On June 21, 1996, defendant-appellant Bradford Cannon ("Cannon"), now incarcerated and pursuing this appeal *pro se*, pleaded guilty to one count of participating in the conduct of the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), and one count of conspiring to distribute and to possess with intent to distribute 50 grams and more of cocaine base in the form of "crack," in violation of 21 U.S.C. § 846. On June 2, 1998, the District Court sentenced Cannon principally to a term of 240 months' imprisonment. On September 6, 2000, the District Court issued an amended judgment revising Cannon's sentence to 213 months' imprisonment in order properly to reflect time served by Cannon prior to the imposition of the original 240 month sentence. On December 23, 2008, Cannon filed a motion requesting a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on a 2007 amendment to U.S.S.G. § 2D1.1, the Guidelines section related to crack-cocaine offenses. By order entered May 5, 2009, the District Court denied Cannon's motion. We assume the parties' familiarity with the remaining factual and procedural history of the case.

We review *de novo* a district court's determination that a defendant is ineligible for relief under § 3582(c)(2). *See United States v. Martinez*, 572 F.3d 82, 84 (2d Cir. 2009). On appeal, Cannon argues, *inter alia*, that the District Court improperly denied his motion for a sentence reduction because the amendment to the crack-cocaine Guidelines lowered his Guidelines range. He is mistaken. The District Court determined Cannon's base offense level pursuant to U.S.S.G. § 2A1.1, the Guidelines section applicable to first degree murder, not pursuant to § 2D1.1, the Guidelines section applicable to crack-cocaine offenses. Section 2D1.1 and the amendments thereto in no way affected Cannon's offense level or his resulting sentencing range; accordingly, he is not eligible for a sentence reduction based on the amendments to that section. *See Martinez*, 572 F.3d at 84-86.

### CONCLUSION

We have considered each of Cannon's claims on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court