09-3109-cr
United States v. McCreary

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand eleven,

Present:     ROGER J. MINER,
             JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                                              *Appellee*,

            -v-                                          09-3109-cr

MARK McCREARY, also known as BIZ,

                                              *Defendant-Appellant*.

---

Appearing for Appellant:     Marjorie M. Smith, Piermont, NY.

Appearing for Appellee:      William J. Hochul, Jr., United States Attorney, Joseph J.
                             Karaszewski, Assistant United States Attorney, *of counsel*,
                             Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Mark McCreary ("McCreary") appeals from an order entered on July 5, 2009, in the United States District Court for the Western District of New York (Skretny, *J.*), summarily denying his motion, made pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence of 210 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On September 10, 2003, McCreary pleaded guilty, pursuant to a plea agreement, to Count 1 of the superseding indictment, which specified that the government was charging McCreary with a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine under 21 U.S.C. § 846. McCreary agreed that, if he went to trial, the government would be required to prove beyond a reasonable doubt that, inter alia, McCreary "intended to participate in the unlawful agreement that at least 5 kilograms of a mixture or substance containing cocaine was reasonably foreseeable to the defendant as being within the scope of the conspiracy." The parties agreed that the basis for the entry of the guilty plea included a conspiracy to distribute both cocaine and cocaine base and that at least 50 but not more than 150 kilograms of cocaine was the amount involved in defendant's relevant conduct encompassed in Count 1 of the superceding indictment. They also agreed that McCreary would be sentenced under U.S.S.G. §§ 2D1.1(a)(3) and 2D1.1(c)(2), the latter of which provides a base offense level of 36 for relevant conduct involving at least 50 but less than 150 kilograms of cocaine. McCreary agreed to entry of the plea agreement.

On appeal, McCreary contends that the district court erred in rejecting his request for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) based on the retroactive application of Crack Cocaine Guideline Amendment 706. *See* United States Sentencing Guidelines Manual, Supplement to Appendix C, 253 (Amendment 713) (2007). McCreary argues that his sentence was based on amounts of both cocaine base (also known as "crack") and powder cocaine (also known as "cocaine") and that he is therefore potentially eligible for a reduction pursuant to Amendment 706. Given that McCreary only pleaded guilty to possessing cocaine pursuant to U.S.S.G. § 2D1.1(c)(2), and not crack cocaine, Amendment 706 does not apply to his sentence, and a reduction under Section 3582(c) is not warranted.

Where a defendant is eligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), we review a district court's ruling under an abuse of discretion standard. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). However, the threshold question of whether the original sentence was "based on a sentencing range that was subsequently lowered by the Sentencing Commission," we review de novo, "because this determination is a matter of statutory interpretation." *United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009) (internal quotation marks omitted).

A court is generally prohibited from modifying a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010). However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then a court, "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion . . . may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

2

The determination of whether a defendant is eligible for a reduction pursuant to Section 3582(c)(2) hinges on whether the term of imprisonment was "based on" a Guidelines range that has subsequently been lowered. *See, e.g.*, *Main*, 579 F.3d at 203 (reasoning that where a defendant's "sentence was 'based on' his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered," then "the district court was without authority to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2)"). Accordingly, where an amendment "does not have the effect of lowering the defendant's applicable guideline range," a reduction is not warranted. U.S.S.G. § 1B1.10(a)(2)(B); *accord United States v. Martinez*, 572 F.3d 82, 86 (2d Cir. 2009) (holding that a defendant convicted of crack cocaine offenses, but sentenced as a career offender under U.S.S.G. § 4B1.1, is not eligible for resentencing under the amendments to the crack cocaine Guidelines).

McCreary's offense conduct included both trafficking in powder cocaine and crack cocaine. However, McCreary only pleaded guilty to relevant conduct involving between 50 and 150 kilograms of *cocaine*. Indeed, the plea agreement only mentioned cocaine in describing the elements of the crime that the government would be required to prove at trial. Based on the amount of cocaine, not crack, attributed to McCreary, McCreary was sentenced under U.S.S.G. § 2D1.1(c)(2), for offenses involving "[a]t least 50 KG but less than 150 KG of Cocaine." Amendment 706 reduces by two the offense levels under U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. *See Martinez*, 572 F.3d at 84. The offenses under Section 2D1.1 that pertain to cocaine offenses are, by their terms, unaffected by the crack cocaine amendments. McCreary ultimately pleaded guilty to a cocaine offense and was sentenced pursuant to Section 2D1.1 accordingly. McCreary's sentence was thus based only on the amount of cocaine attributable to him. *See id.* at 84 n.3 ("[T]o determine which Guideline a defendant's sentence is 'based on' we look only to the end result of the overall calculus . . . and not the 'interim' steps taken by the District Court.").

Given that McCreary agreed to a sentencing range that was based on relevant conduct expressed in terms of cocaine, and not cocaine base, McCreary's sentence was not technically "based on a sentencing range that was subsequently lowered by the Sentencing Commission." *Williams*, 551 F.3d at 185. The district court was correct in determining that McCreary was ineligible for a reduction in sentence under the crack cocaine amendments, pursuant to Section 3582(c).

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3