09-4745-cr
USA v. Lucas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand eleven.

Present:   GUIDO CALABRESI,
           ROBERT A. KATZMANN,
                       *Circuit Judges*,
           JOHN GLEESON,
                       *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                    No. 09-4745-cr

ERNEST LUCAS,

                    *Defendant-Appellant*.

_____

For Defendant-Appellant:          Jonathan I. Edelstein, Edelstein & Grossman, New York, N.Y.

For Appellee:                     Richard T. Lunger (Emily Berger, *of counsel*), Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York

---

[*] The Hon. John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ernest Lucas appeals from a June 5, 2009 order of the United States District Court for the Eastern District of New York (Spatt, *J.*) denying his motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Defendant contends that the district court erred in concluding that he was ineligible for resentencing. Defendant was convicted of distribution and possession with intent to distribute five or more grams of cocaine base. Although the sentencing guidelines pertaining to crack cocaine offenses were subsequently amended to lower the applicable base offense levels, defendant was sentenced under the career offender guideline, which remains unchanged. Accordingly, his argument is squarely foreclosed by this Court's decision in *United States v. Martinez*, 572 F.3d 82 (2d Cir. 2009) (per curiam), which held that "a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines." 572 F.3d at 85.

We have considered Lucas's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2