10-4776-cr
United States v. Davis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                     10-4776-cr

Anthony Davis, AKA Val,

> *Defendant-Appellant*.

_____


FOR APPELLANT:              Anthony Davis, *pro se*, Fort Dix, NJ.


FOR APPELLEES:              Avi Weitzman, Katherine Polk Failla, Assistant United States Attorneys, of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Anthony Davis, proceeding *pro se*, appeals from the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Conversely, a sentence reduction is not authorized under § 3582(c) if the Guidelines "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, Application Note 1(A). The amendment at issue here, Amendment 706, effective November 2007 and was subsequently made retroactive, and reduced by two levels the base offense level associated with crack cocaine offenses. *See* U.S.S.G. § 2D1.1 (2007) (Amendment 706); U.S.S.G. § 1B1.10(c); *United States v. Regalado*, 518 F.3d 143, 150 (2d Cir. 2008). We review *de novo* a district court's determination that a defendant is ineligible for relief under § 3582(c)(2). *See United States v. Martinez*, 572 F.3d 82, 84 (2d Cir. 2009).

Here, the district court correctly concluded that Davis is not eligible for relief under § 3582(c)(2), as his sentence was not based on a sentencing range that was subsequently lowered

2

by Amendment 706 for two reasons. First, the applicable Guidelines range was based on Davis's status as a career offender under U.S.S.G. § 4B1.1, and not on the drug quantity table under U.S.S.G. § 2D1.1. Because the career offender Guidelines were not affected by Amendment 706, "a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under [Amendment 706]." *Martinez*, 572 F.3d at 85. Davis's reliance on our decision in *United States v. McGee* is misplaced, as there, unlike here, "the district court explicitly stated that it was departing from the career offender sentencing range to the level that the defendant would have been in absent the career offender status calculation and consideration," effectively sentencing the defendant under the Guidelines range applicable to crack cocaine offenses. *See* 553 F.3d 225, 227 (2d Cir. 2009)(internal quotation marks omitted). Second, even if there was any ambiguity as to the above conclusion, Amendment 706 was enacted in November 2007, and had already been incorporated into Davis's non-career offender Guidelines range when he was sentenced in May 2008.

We have considered Davis's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3