United States v. Ramos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of December, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                           16-514-cr


CHRISTOPHER RAMOS,

                    *Defendant-Appellant*.[1]

---

Appearing for Appellant:     Christopher Ramos, pro se, Otisville, NY.


Appearing for Appellee:      Michael E. Runowicz, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

---

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Christopher Ramos, pro se, appeals from the January 22, 2016 order of the United States District Court for the District of Connecticut (Thompson, *J.*), denying Ramos's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Ramos argued that his sentence should be modified to reflect the retroactive application of Amendment 782, which reduced the base offense levels for most drug offenses in U.S.S.G. § 2D1.1. The district court denied Ramos's motion on the ground that Amendment 782 did not affect Ramos's sentence because he was sentenced as a career offender under U.S.S.G § 4B1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if it was based on a Guidelines sentencing range subsequently lowered by the Sentencing Commission. § 3582(c)(2). We review de novo "the determination of whether the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission," and thus whether he was eligible for relief under § 3582(c)(2). *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (internal quotation marks and alteration omitted).

The district court properly determined that Ramos was ineligible for a sentence reduction because his Guidelines range was based not on U.S.S.G. § 2D1.1, but rather on the finding that he was a career offender under U.S.S.G § 4B1.1. A district court cannot reduce a sentence pursuant to § 3582(c)(2) if the applicable Guidelines range is not lowered "because of the operation of another guideline," as is the case here. U.S.S.G. § 1B1.10(a)(2)(B) cmt. n.1(A); *see, e.g.*, *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010) (concluding that a defendant sentenced as a career offender under § 4B1.1 was not eligible for sentence reduction under the crack cocaine amendments); *United States v. Martinez*, 572 F.3d 82, 84-85 (2d Cir. 2009) ("The fact that, but for his career offender designation, Martinez's sentence would have been based on the now-amended crack cocaine guideline is of no relevance for purposes of a sentence reduction."). Because Ramos's Guidelines range was calculated based on his career offender status, he was sentenced under the career offender guidelines, and the district court did not depart from the range suggested by the career offender guidelines, Ramos is ineligible for a sentencing reduction pursuant to § 3582(c). Therefore, the district court did not err by denying his motion for a sentence reduction.

We have considered the remainder of Ramos's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk