**UNITED STATES of America,
Appellee,**

v.

**Faber Enrique Bermudez ARCINEGAS,
Defendant-Appellant.***

**No. 15-2333-cr**

United States Court of Appeals,
Second Circuit.

April 24, 2017

---

\* The Clerk of Court is directed to amend the official caption to conform to the caption

FOR APPELLANT: Faber Enrique Bermudez Arcinegas, pro se, Philipsburg, PA.

FOR APPELLEE: David C. James, Tiana A. Demas, Douglas M. Pravda, Assistant United States Attorneys, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

PRESENT: GUIDO CALABRESI, RICHARD C. WESLEY, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Faber Enrique Bermudez Arcinegas ("Bermudez") appeals pro se from the District Court's July 1, 2015 order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if it was based on a guidelines range subsequently lowered by the United States Sentencing Commission. We review de novo "the determination of whether the defendant's sentence was based on a sentencing range that was sub-

above.

**66**

sequently lowered" and whether he was eligible for relief under § 3582(c)(2). United States v. Christie, 736 F.3d 191, 195 (2d Cir. 2013) (quotation marks omitted).

The District Court properly denied Bermudez's motion. A district court may not reduce a sentence under § 3582(c)(2) if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), (d); see also United States v. Martinez, 572 F.3d 82, 85–86 (2d Cir. 2009). Bermudez sought a modification based on Amendment 782, which reduced the base offense levels for most drug offenses under § 2D1.1 and § 2D1.11 of the United States Sentencing Guidelines. But Bermudez's guidelines range was based on the money laundering guidelines, U.S.S.G. § 2S1.1, not on § 2D1.1 or § 2D1.11. Accordingly, Amendment 782 did not lower his applicable guidelines range, and the District Court did not err in denying his motion. See United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010).

We have considered Bermudez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.