15-2333-cr
United States v. Bermudez Arcinegas

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand seventeen.

PRESENT:  GUIDO CALABRESI,
          RICHARD C. WESLEY,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
-----------------------------------------------------------------
United States of America,
          *Appellee,*

                    v.                              No. 15-2333-cr

Faber Enrique Bermudez Arcinegas,
          *Defendant-Appellant.**
-----------------------------------------------------------------

FOR APPELLANT:          Faber Enrique Bermudez Arcinegas, *pro se*,
                        Philipsburg, PA.

_____

* The Clerk of Court is directed to amend the official caption to conform to the caption above.

FOR APPELLEE: David C. James, Tiana A. Demas, Douglas M. Pravda, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Faber Enrique Bermudez Arcinegas ("Bermudez") appeals pro se from the District Court's July 1, 2015 order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if it was based on a guidelines range subsequently lowered by the United States Sentencing Commission. We review de novo "the determination of whether the defendant's sentence was based on a sentencing range that was subsequently lowered" and whether he was eligible for relief under § 3582(c)(2). United States v. Christie, 736 F.3d 191, 195 (2d Cir.

2

2013) (quotation marks omitted).

The District Court properly denied Bermudez's motion. A district court may not reduce a sentence under § 3582(c)(2) if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), (d); see also United States v. Martinez, 572 F.3d 82, 85–86 (2d Cir. 2009). Bermudez sought a modification based on Amendment 782, which reduced the base offense levels for most drug offenses under § 2D1.1 and § 2D1.11 of the United States Sentencing Guidelines. But Bermudez's guidelines range was based on the money laundering guidelines, U.S.S.G. § 2S1.1, not on § 2D1.1 or § 2D1.11. Accordingly, Amendment 782 did not lower his applicable guidelines range, and the District Court did not err in denying his motion. See United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010).

We have considered Bermudez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3