United States v. Suarez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand sixteen.

PRESENT:

GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                       No. 15-1110

REINALDO SUAREZ,

          *Defendant-Appellant.*

_____

**FOR APPELLEE:**            Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

**FOR DEFENDANT-APPELLANT:**     Reinaldo Suarez, pro se, Bruceton Mills, WV.

Appeal from an order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Reinaldo Suarez, proceeding pro se, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 782, which modified § 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses. The Sentencing Commission later adopted Amendment 788, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date, November 1, 2014. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a guideline sentencing range subsequently lowered by the Sentencing Commission. The scope of relief provided by § 3582(c)(2) is narrow; it authorizes only "a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). We review de novo "the determination of whether the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission," and thus

whether he was eligible for § 3582(c)(2) relief. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (internal quotation mark and alteration omitted).

The district court properly determined that Suarez was ineligible for a reduction pursuant to § 3582(c)(2). Suarez pled guilty to violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine) pursuant to a written plea agreement and was sentenced primarily to 200 months in prison. Suarez's guideline sentencing range was based not on U.S.S.G. § 2D1.1, the guideline pertaining to his offense conduct that was modified by Amendment 782, but rather on the finding that he was a "career offender" under U.S.S.G. § 4B1.1, a fact he stipulated to in his plea agreement.[1]

A district court may not reduce a sentence pursuant to § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline," as is the case here. U.S.S.G. § 1B1.10 comment (n.1(A)); *see* U.S.S.G. § 1B1.10(a)(2)(B). Because Suarez's guideline sentencing range was calculated based on his career offender status, Amendment 782 does

---

[1] In his plea agreement Suarez explicitly waived his right to apply for a sentence modification pursuant to § 3582(c)(2). Some district courts within our circuit have enforced such a waiver. See United States v. Watson, 2013 WL 6504393, at *2 (S.D.N.Y. Dec. 11, 2013); Barrett v. United States, 2015 WL 3778804, at *2-3 (S.D.N.Y. June 15, 2015). At least one district court has granted a sentence reduction pursuant to § 3582(c)(2) despite such a waiver in the defendant's plea agreement, asserting the power to do so on its own motion. United States v. Bailey, 2013 WL 1828669, at *8 (S.D.N.Y. Apr. 29, 2013); see also United States v. St. James, 2014 WL 1409995, *2 n.1 (9th Cir. 2014). We need not decide whether Suarez's waiver precludes a sentence reduction because, for the reasons below, he does not qualify for a sentence modification in any event.

not lower his applicable guideline. *See, e.g.*, *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010) (holding that defendant sentenced as a career offender under § 4B1.1 was not eligible for a sentence reduction under sentencing guideline amendments commonly referred to as "the crack cocaine amendments"); *United States v. Martinez*, 572 F.3d 82, 84-85 (2d Cir. 2009) (explaining that "[t]he fact that, but for his career offender designation, Martinez's sentence would have been based on the now-amended crack cocaine guideline is of no relevance for purposes of a sentence reduction"). Therefore the district court did not err in denying defendant's motion for a sentence reduction.

We have considered all of Suarez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4