15-3564-cr
United States v. Tony Rudolph Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY
*Circuit Judges*,

-------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                  No.    15-3564-cr

TONY RUDOLPH WILLIAMS,

*Defendant-Appellant*.

-------------------------------------------------------------------------

| | |
|---|---|
| FOR DEFENDANT APPELLANT: | Barclay T. Johnson, Research & Writing Attorney, *for* Michael L. Desautels, Federal Public Defender, District of Vermont. |
| FOR APPELLEE: | Barbara A. Masterson, Gregory L. Waples, Assistant United States Attorneys, *for* Eric. S. Miller, United States Attorney for the District of Vermont. |

1

Appeal from the October 29, 2015 judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On March 6, 2014, Tony Rudolph Williams pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). At sentencing, the district court calculated a 151–188 month guideline range, based on Williams's status as a career offender under U.S.S.G. § 4B1.1. Acknowledging that without the career-offender designation Williams's guideline range would otherwise have been 33–41 or 30–37 months, the court imposed a downward variance, sentencing him to 48 months' incarceration.

On July 23, 2015, Williams moved for a sentencing reduction pursuant to Amendment 782 of the Sentencing Guidelines, which reduced offense levels for certain drug offenses. The district court denied Williams's motion because Amendment 782 did not lower Williams's applicable career-offender guideline range. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. [§] 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."); *id.* § 1B1.10 cmt. 1(A) (providing that the applicable guideline range is calculated "before consideration of any departure provision in the Guidelines Manual or any variance," and that sentencing reduction is not authorized where an otherwise applicable amendment "does not have the effect of lowering the defendant's guideline range because of the operation of another guideline . . . provision"); *United States v. Suarez*, 633 F. App'x 562, 563 (2d Cir. 2016) ("Because Suarez's guideline sentencing range was calculated based on his career offender status, Amendment 782 does not lower his applicable guideline [range].").[1] Williams appeals this denial, arguing that amendments to § 1B1.10 that limit the retroactive effect of Guideline amendments exceed the Sentencing Commission's statutory authority and violate the separation of powers. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews a district court's interpretation of statutes and the Sentencing Guidelines *de novo*. *United States v. Montanez*, 717 F.3d 287, 291 (2d Cir. 2013) (per curiam). We also review *de novo* questions of constitutional interpretation raised by a district court's application of the Guidelines. *Id.*

---

[1] We note, moreover, that the alternative non-career-offender guideline ranges noted by the district court at sentencing were attributable to Amendment 782. As the court had been advised at the outset of the sentencing proceeding, the Amendment, although not yet in effect, had already been approved by the Sentencing Commission. Thus, the court was aware of the pending reduction when it determined an appropriate sentence in this case, which does not seem to have been influenced by the pre-Amendment guideline any more than by the post-Amendment version.

As Williams acknowledges, his arguments are foreclosed by decisions of this Court. In *United States v. Erskine*, the defendant challenged the same amendments to § 1B1.10 as exceeding the Sentencing Commission's statutory authority and violating separation of powers. *See* 717 F.3d 131, 136–40 (2d Cir. 2013). This Court rejected the defendant's statutory-authority argument, ruling that § 1B1.10 was enacted and amended pursuant to 28 U.S.C. § 994's grant of power to "establish[] 'in what circumstances and by what amount' a retroactive guideline range reduction would be appropriate." *Erskine*, 717 F.3d at 136–38 (quoting 28 U.S.C. § 994(u)); *see also Montanez*, 717 F.3d at 291 (rejecting the defendant's argument that § 1B1.10(b)(2)(A) exceeded the Sentencing Commission's authority). *Erskine* also rejected the defendant's separation of powers claims. We held that § 1B1.10 did not infringe on legislative authority, because 28 U.S.C. § 994 "provided an intelligible principle on which the Commission may rely." *Erskine*, 717 F.3d at 139; *see also Montanez*, 717 F.3d at 291. We further ruled that § 1B1.10 did not improperly interfere with judicial decision-making, because it is a permissible exercise of congressional authority to set the scope of judicial discretion with respect to a sentence. *Erskine*, 717 F.3d at 139–40 (citing *Mistretta v. United States*, 488 U.S. 361, 364 (1989)); *see also Montanez*, 717 F.3d at 291.

We are "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Gill*, 748 F.3d 491, 502 n.8 (2d Cir. 2014) (quoting *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004)) (internal quotation marks omitted). We have recognized an exception if there has been an intervening Supreme Court decision that casts doubt on our controlling precedent. *Id.* Williams has identified no such intervening decision. Thus, we reject his arguments.

We have considered the Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3