09-4154-cr
United States v. Mock

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————————

August Term, 2009

(Submitted: July 15, 2010    Decided: July 19, 2010)

Docket No. 09-4154-cr

———————————

UNITED STATES OF AMERICA,

*Appellee,*

–v.–

JOHN MOCK III,

*Defendant-Appellant,*

JESSE JAMES BELK,

*Defendant.*

———————————

Before:  WESLEY, HALL, *Circuit Judges*, and GOLDBERG, *Judge*.[*]

Appeal from the district court's denial of defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

AFFIRMED.

———————————

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

LAURIE S. HERSHEY, Manhasset, NY, *for Defendant-Appellant*.

SANDRA S. GLOVER, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, *on the brief*), *for* Nora R. Dannehy, United States Attorney, District of Connecticut, New Haven, CT, *for Appellee*.

---

PER CURIAM:

Defendant-Appellant John Mock III appeals from the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), which he filed based on the amendments to the U.S. Sentencing Guidelines relating to the base offense levels for crack-related offenses, *see* U.S.S.G., Supp. to App. C., Amend. 706 (effective Nov. 1, 2007); *see also id.* Amend. 713 (effective Mar. 3, 2008) (collectively, the "crack cocaine amendments").  The district court reasoned that, because Mock was originally sentenced as a career offender, *see* U.S.S.G. § 4B1.1, he was ineligible for a sentence reduction based on the crack cocaine amendments.

On appeal, Mock argues that the district court erred at his *original* sentencing because it did not state in open court the reasons for its application of the career offender Guideline.  *See* 18 U.S.C. § 3553(c).  Therefore, he argues,

2

the district court also erred in denying his motion for a reduction in sentence by relying on its prior erroneous application of U.S.S.G. § 4B1.1. Based on these contentions, defendant seeks a remand for "analysis of [his] criminal history" and "compliance with 18 U.S.C. § 3553(c)."

Defendant's arguments misapprehend the scope of a district court's authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). As the Supreme Court recently made clear in *Dillon v. United States*, No. 09-6338, --- S. Ct. ---, 2010 WL 2400109 (U.S. June 17, 2010), this provision authorizes a "limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at *5. Therefore, neither the district court nor this Court is free to address, in a proceeding pursuant to 18 U.S.C. § 3582(c)(2), defendant's arguments regarding procedural errors at his original, now-final sentencing. Moreover, at least for purposes of a motion for a reduced sentence, the record discloses that defendant *was* sentenced as a career offender under U.S.S.G. § 4B1.1. Consequently, under settled case law in this Circuit, he is ineligible for a reduction in sentence based on the crack cocaine amendments. *See United States v. Martinez*, 572 F.3d 82,

3

885-86 (2d Cir. 2009) (per curiam).  Accordingly, we affirm.

## I.  BACKGROUND

In 1997, Mock pleaded guilty, pursuant to a plea agreement, to one count of possessing five or more grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  In the plea agreement, Mock and the government stipulated that:  (1) Mock was a "career offender" under U.S.S.G. § 4B1.1(b); (2) based in part on that classification, the applicable Guidelines range was 188 to 235 months; and (3) they would jointly recommend to the district court a 188-month term of imprisonment.  Following defendant's guilty plea, the U.S. Probation Department completed a presentence report ("PSR"), which also concluded that Mock was a career offender under U.S.S.G. § 4B1.1 and concurred in the Guidelines calculation in the plea agreement.

The district court conducted a sentencing proceeding in January 1998.  After statements by Mock's counsel, Mock, and the government, the court declined to enter the 188-month sentence urged by the parties.  Instead, it reasoned that, in light of "the magnitude of [Mock's] criminal conduct" and his "very serious criminal record," a 212-month term of

4

imprisonment was appropriate.  Following the sentencing, in its written statement of reasons, the district court indicated that it had "adopt[ed] the undisputed factual statements contained in the PSR."

Mock did not pursue a direct appeal of his conviction or sentence.  However, following the crack cocaine amendments, Mock, acting *pro se*, filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court denied the motion on June 23, 2009, reasoning that, "[b]ecause defendant was sentenced as a career offender and did not receive a downward departure, he is ineligible in accordance with U.S.S.G. § 1B1.10, comment, for a sentence reduction."  Still acting *pro se*, Mock filed a notice of appeal on October 3, 2009.[1]  We granted his motion for an appointment of counsel approximately one month later.

## II.  DISCUSSION

We review for abuse of discretion a district court's

---

[1] As defendant's appellate counsel acknowledges, the notice of appeal was untimely.  However, the government has expressly waived any objection to this defect.  In the absence of such an objection, and because the timeliness requirement is not jurisdictional, we proceed to the merits. *See United States v. Frias*, 521 F.3d 229, 233 (2d Cir. 2008).

5

denial of a motion pursuant to 18 U.S.C. § 3582(c)(2).  *See United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).  Mock's principal appellate argument proceeds in two steps.  First, he argues that the district court erred at his original sentencing by failing to state on the record the fact findings supporting the application of the career offender Guideline, U.S.S.G. § 4B1.1.  *See* 18 U.S.C. § 3553(c).[2]  Second, Mock contends that, in light of the error at his sentencing, the district court erred again when it relied on Mock's career offender status to deny his motion for a reduced sentence.

These contentions do not afford a basis for the remand Mock seeks.  Mock's sentence became final long ago, and the district court lacked authority under 18 U.S.C. § 3582(c)(2) to address his arguments regarding procedural error at his original sentencing.  Moreover, because the district court

---

[2] One of the requirements of § 3553(c), known as the "open court" requirement, requires that a district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c); *see also United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008) (per curiam) (holding that, even if a district court subsequently adopts the PSR's findings in its written statement of reasons, it violates the open court requirement by failing to verbally adopt the PSR's findings at the sentencing proceeding).

used the career offender Guideline, § 4B1.1, to calculate Mock's base offense level, and not the Drug Quantity Table in U.S.S.G. § 2D1.1(c), his motion for a reduced sentenced was properly denied. Accordingly, for the reasons set forth below, we affirm.

The U.S. Sentencing Commission is required to "review and revise" the Guidelines and related policy statements based on "comments and data coming to its attention." 28 U.S.C. § 994(*o*); *see also id.* § 994(p). If the Commission revises a Guideline in a manner that "reduces the term of imprisonment recommended," it is also required to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." *Id.* § 994(u).[3] The Commission promulgated the crack cocaine amendments pursuant to this statutory authority. Specifically, it modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c), effective November 1, 2007, to implement a two-level reduction of the base offense levels for crack cocaine offenses. *See* U.S.S.G., Supp. to

_____

[3] Congress imposed these obligations on the Commission in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987, and they survived Justice Breyer's remedial opinion in *United States v. Booker*, 543 U.S. 220, 244-268 (2005). *See Dillon*, 2010 WL 2400109, at *3.

7

App. C., Amend. 706.  In 2008, the Commission deemed Amendment 706 to have retroactive effect.  *See id.* Amend. 713.

Relying on these amendments, defendant filed a motion for a reduction in sentence.  "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Dillon*, 2010 WL 2400109, at *5 (quoting 18 U.S.C. § 3582(c)(2)).[4]  The Supreme Court recently explained that § 3582(c)(2) permits a "limited adjustment to an otherwise final sentence" — not a "plenary resentencing proceeding" — and set forth a "two-step inquiry" for resolving motions for

---

[4] Section 3582(c)(2) states, in pertinent part:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

a reduction in sentence pursuant to this provision. *Id.* at *5-6.

First, the defendant in question must be *eligible* for a reduction in sentence. A defendant who was previously sentenced based on a now-amended Guideline with retroactive effect is only eligible for such relief if the reduction would be "'consistent with applicable policy statements issued by the Sentencing Commission' — namely, § 1B1.10." *Id.* at *6 (quoting 18 U.S.C. § 3582(c)(2)). Section 1B1.10 lists the "covered" Guidelines amendments that may serve as the basis for a reduction in sentence, including Amendment 706 (as amended), and establishes limitations and prohibitions on the extent of any reduction. U.S.S.G. § 1B1.10(b)-(c).[5] If a "defendant's term of imprisonment is not consistent with [§ 1b1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)," U.S.S.G. §

---

[5] "Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing. 'In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'" *Dillon*, 2010 WL 2400109, at *6 (quoting U.S.S.G. § 1B1.10).

1B1.10(a)(2), then the defendant is not eligible for a reduction in sentence.

If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court "to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 2010 WL 2400109, at *7. However, § 1B1.10 remains in play at this step as well. Subject to certain exceptions, the policy statement prohibits district courts from reducing the defendant's sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). In *Dillon*, 2010 WL 2400109, at *7-8, the Supreme Court agreed with our view that courts "are bound by the language of this policy statement because Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v.*

*Williams*, 551 F.3d 182, 186 (2d Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)).

*Dillon* therefore provides at least two lessons about the nature of the proceedings authorized by 18 U.S.C. § 3582(c)(2). First, no Sixth Amendment problem of the sort identified in *United States v. Booker*, 543 U.S. 220 (2005) results from the restrictions on a district court's sentencing discretion on a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). *See Dillon*, 2010 WL 2400109, at *7-8. Second, because § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," *id.* at *5, a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under that provision.

This latter principle bears directly on defendant's appeal. His 212-month sentence is final, subject only to the limited exception created by 18 U.S.C. § 3582(c)(2). The *Dillon* Court expressly rejected the argument that this provision authorizes a full resentencing. Therefore, regardless of whether there is merit to defendant's argument that the district court committed procedural error when it applied the career offender Guideline at his original sentencing, neither the district court nor this Court is

authorized to consider that contention in the context of a motion pursuant to 18 U.S.C. § 3582(c)(2).

In light of that conclusion, the remainder of defendant's appellate argument fails. Defendant was sentenced under the career offender Guideline, U.S.S.G. § 4B1.1, which was not affected by the crack cocaine amendments that he relied upon as the basis for his motion. Indeed, in his plea agreement, defendant stipulated to the application of § 4B1.1. "[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines." *Martinez*, 572 F.3d at 85. Therefore, the district court did not err in denying defendant's motion for a reduction in sentence.

### III.  CONCLUSION

We have considered each of defendant's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**