**UNITED STATES of America,**

v.

**Ahmad FLEMING, Defendant.**

**No. 1:06–CR–394–15.**

United States District Court,
N.D. New York.

Feb. 22, 2012.

Richard S. Hartunian, United States Attorney, of Counsel Steven D. Clymer, Assistant U.S. Attorney, Syracuse, NY, for United States.

Lisa A. Peebles, Federal Public Defender, Districts of Northern New York & Vermont, of Counsel Lisa A. Peebles, Federal Public Defender, Syracuse, NY, for Defendant.

## MEMORANDUM–DECISION AND ORDER

GARY L. SHARPE, Chief Judge.

### I. Introduction

On November 3, 2011, defendant Ahmad Fleming filed a motion under 18 U.S.C. § 3582 seeking a reduction in his sentence following the retroactive application of the Fair Sentencing Act of 2010[1] ("FSA"), which, among other things, directed the United States Sentencing Commission ("Commission") to amend the United States Sentencing Guidelines ("Guide-

lines") ranges for certain federal crack cocaine offenders. (See Dkt. No. 1128.) Specifically, Fleming seeks a reduction in his sentence to eighty-four (84) months imprisonment, the low end of the amended guideline range.[2] (See Dkt. No. 1172.) For the reasons that follow, Fleming's motion is granted and his term of imprisonment is reduced to ninety-three (93) months.

### II. Background

According to the Presentence Investigation Report ("PSR"), which was adopted by the court at sentencing, Fleming was responsible for possessing and distributing between "35 and 50 grams" of crack cocaine in violation of 21 U.S.C. § 841.[3] (PSR ¶ 41.) Pursuant to the 2007 Guidelines, Fleming's adjusted offense level was thirty (30), which reflected a base offense level of twenty-eight (28), see U.S.S.G. § 2D1.1(c)(6) (2007),[4] and an increase of two levels for the possession of a firearm, see id. § 2D1.1(b)(1) (2007). (See PSR ¶¶ 41–42.) After applying a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), (b) (2007), Fleming's total offense level was twenty-seven (27). (See PSR ¶¶ 48–50.) Because his criminal history placed him in category IV, Fleming's advisory guideline range was 100 to 125 months. (See PSR ¶ 67[5]; Dkt. No. 1172 at 1.) The court, after considering the factors outlined in 18 U.S.C. § 3553(a),

---

1. Pub. L. No. 111–220, § 8(2), 124 Stat. 2372 (2010).

2. Although the government has not responded to either of the motions filed on Fleming's behalf, their response is, in this case, unnecessary as the court is well-versed with the underlying record.

3. According to the notes to the Drug Quantity Table, cocaine base, as referenced in the table, means "crack." See U.S.S.G. § 2D1.1(c) n.(D) (2011).

4. Unless otherwise noted, citations to the U.S.S.G. refer to the 2011 edition of the Guidelines.

5. Notably, the PSR contains two paragraphs numbered sixty-seven. (See PSR at 33, 35.) For the purpose of this motion, citations to paragraph sixty-seven refer to the one located on page 33 of the PSR.

imposed a term of imprisonment of 113 months, which included a twelve-month custody credit.[6] (*See* Am. J. at 2, Dkt. No. 1009.)

### III. *Standard of Review*

 With limited exceptions, courts are generally precluded from modifying a final judgment. *See* 18 U.S.C. § 3582(b). However, section 3582(c)(2) creates one such exception in the event a defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the [Commission] pursuant to 28 U.S.C. § 994(*o*) and made retroactive pursuant to § 994(u)." *Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (internal quotation marks omitted). Where this exception applies, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [Commission]." 18 U.S.C. § 3582(c)(2). However, section 3582(c)(2) neither authorizes a "resentencing proceeding," *Dillon,* 130 S.Ct. at 2690, nor permits the defendant to raise "arguments regarding procedural errors at his original, now-final sentencing," *United States v. Mock,* 612 F.3d 133, 135 (2d Cir.2010). Rather, section 3582(c)(2) provides for reduction of "an otherwise final sentence in circumstances specified by the Commission." *Dillon,* 130 S.Ct. at 2690.

 Relevantly, the FSA directed the Commission to promulgate amendments in order "to achieve consistency" between the Guidelines "and [the] applicable law." FSA, Pub L. No. 111–220, § 8(2), 124 Stat. 2372 (2010). To this end, the Commission reduced the offense levels for federal crack cocaine offenders, *see* U.S.S.G. § 1B1.10 cmt. n. 4, and authorized a retroactive application thereof under 28 U.S.C. § 994(u), *see United States v. Almonte,* No. 08–CR–427, 2012 WL 273138, at *2 (E.D.N.Y. Jan. 30, 2012). Though this change empowers the court to entertain a motion under section 3582(c)(2), it by no means mandates a reduction in the defendant's sentence. *See id.* Instead, the court must conduct a two-step inquiry to determine: (1) whether, and to what extent, the defendant is eligible for a sentence reduction, and if he is, (2) whether modification is "warranted" in light of the section 3553(a) factors. *Dillon,* 130 S.Ct. at 2691. Because the court, in considering a motion under section 3582(c)(2), is bound by the Commission's policy statements, *see Freeman v. United States,* —— U.S. ——, 131 S.Ct. 2685, 2693, 180 L.Ed.2d 519 (2011), this inquiry begins with U.S.S.G. § 1B1.10.[7]

 According to U.S.S.G. § 1B1.10(b)(1), the court must first deter-

---

6. Initially, the court applied a two-month custody credit. (*See* J. at 2; Dkt. No. 502.) However, the judgment was subsequently amended to reflect a twelve-month custody credit. (*See* Am. J. at 2, Dkt. No. 1009.)

7. The revised version of U.S.S.G. § 1B1.10, which became effective on November 1, 2011, states, in relevant part:

(a) Authority.—
(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .
(b) Determination of Reduction in Term of Imprisonment.—
(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had

mine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon,* 130 S.Ct. at 2691 (internal quotation marks omitted). "In making such determination," the court is prohibited from disturbing its previous "guideline application decisions," U.S.S.G. § 1B1.10(b)(1), and furthermore, from imposing a revised term of imprisonment "that is less than the minimum of the amended guideline range," *id.* § 1B1.10(b)(2)(A). *See United States v. Rivera,* 662 F.3d 166, 171 (2d Cir.2011) (holding that "the limitations on the degree of a sentence reduction under § 3582(c)(2) are mandatory"); *but see* U.S.S.G. § 1B1.10(b)(2)(B) (creating an exception to section 1B1.10(b)(2)(A) for "substantial assistance"). If the amended guideline range is lower than the original range, the court proceeds to step two; if it is not, the inquiry ceases. *See Dillon,* 130 S.Ct. at 2691. Thus, where appropriate, the court, at step two, should "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction ... is warranted in whole or in part under the particular circumstances of the case." *Dillon,* 130 S.Ct. at 2692.

## IV. *Discussion*

■ Here, it is undisputed that Fleming is eligible for a two-point reduction in his base offense level. *See* U.S.S.G. § 1B1.10 cmt. n. 4; *compare* U.S.S.G. § 2D1.1(c)(6) (2007), *with* U.S.S.G. § 2D1.1(c)(7) (2011). Because he pled to "at least 35 but less than 50 grams" of crack, (PSR ¶ 41), Fleming's amended base offense level is twenty-six (26). *See* U.S.S.G. § 2D1.1(c)(7). After reapplying the two-level weapon increase, and the three-level reduction for acceptance of responsibility, Fleming's amended total offense level is twenty-five (25); his amended guideline range, given his criminal history category of IV, is 84 to 105 months imprisonment. (*See* PSR ¶¶ 41–42, 48–49, 67.) Since Fleming is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), the court must now determine whether, and to what extent, a reduction is warranted. *See Dillon,* 130 S.Ct. at 2692.

■ Fleming acknowledges that his original sentence "fell at the high end of the guidelines range," but nonetheless argues that he is "an ideal candidate for the maximum reduction" under the FSA given

been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
(2) Limitation and Prohibition on Extent of Reduction.—
(A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
(B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
(C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
(c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: ... 750 (parts A and C only).
U.S.S.G. § 1B1.10 (2011).

his post-sentencing conduct. (Dkt. No. 1172 at 2.) While his post-sentencing accomplishments are commendable, they neither negate the danger Fleming poses to the community, nor support the maximum reduction. *See* U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii) (stating "[t]he court shall consider the nature and seriousness of the danger to ... the community that may be posed by a reduction in the defendant's term of imprisonment"). Indeed, after considering, *inter alia,* the factors listed in 18 U.S.C. § 3553(a) and the applicable policy statements by the Commission, Fleming's underlying conduct—which included an August 29, 2006 incident in which he callously fired a semi-automatic handgun at a residence on Dana Avenue—necessitates that his sentence remain at the high end of the amended range. (*See* PSR ¶¶ 37–38.) Accordingly, his motion is granted and his term of imprisonment is reduced from 113 months to ninety-three (93) months.[8]

### V. *Conclusion*

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Fleming's motions (Dkt. Nos. 1128, 1172) are granted and his sentence is reduced to ninety-three (93) months, which includes a twelve-month custody credit; and it is further

**ORDERED** that the Clerk shall issue an Amended Judgment in accordance with this Memorandum–Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum–Decision and Order to the parties.

**IT IS SO ORDERED.**

---

**8.** The amended sentence of ninety-three (93) months includes the same twelve-month cus- tody credit applied to the original sentence. (*See* Am. J. at 2, Dkt. No. 1009.)