12-165-cr
*United States v. Williamson*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand thirteen.

PRESENT:

PIERRE N. LEVAL,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        *Appellee*,

        -v.-                                             No. 12-165-cr

ERNEST WILLIAMSON, also known as Twin, also known as Harlem,

        *Defendant-Appellant,*

JOSEPH REYES, also known as Fat Joe, also known as RJ, LAKESHA BOWLES, RALPH CORA, also known as Petey, also known as Pito, RICHARD DANIELS, also known as Wap, also known as Po, RAQIESHA DAVIS, also known as Brooklyn, SAMANTHA FOGLE, PETER JOHNSON, JUAN NIEVES, ALEXIS RAMOS, also known as Snake Rattle, JONATHAN WILLIAMSON, also known as Rue, STEFAN WINSTON, also known as Cuda, also known as Pooh, ANTHONY GILLIAM, also known as Flac, ANGEL MILLAN, also known as Stoney,

*Defendants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:        Richard D. Willstatter, Green & Willstatter, White Plains, NY.

FOR APPELLEE:        Tracy Lee Dayton, Sandra S. Glover (*of counsel*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney, United States Attorney's Office for the District of Connecticut, Bridgeport, CT.


Appeal from the December 14, 2011 judgment of conviction of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 14, 2011 judgment of the District Court be **AFFIRMED**.

On July 25, 2011, Defendant Ernest Williamson pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841, 846. Williamson waived his right to appeal any sentence not in excess of 188 months' imprisonment, 4 years of supervised release, and $150,000 in fines. The District Court subsequently sentenced Williamson to 151 months' imprisonment, 5 years of supervised release, and a $100 special assessment. Williamson now appeals, contending that the imposition of a five-year term of supervised release was substantively unreasonable.[1] We assume familiarity with the underlying facts and procedural history of this case.

We review a criminal sentence for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (quotation marks omitted); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)). "We have previously likened our review for substantive unreasonableness to the consideration of a motion for a new criminal jury trial, which

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

[1] The government has waived any objection to the timeliness of Williamson's notice of appeal. *See* Appellee Br. vii; *see also United States v. Mock*, 612 F.3d 133, 135 n.1 (2d Cir. 2010) (noting that the timeliness requirement for noticing an appeal under Federal Rule of Appellate Procedure 4(b) is not jurisdictional, and any objection to a failure to timely notice an appeal may be waived).

should be granted only when the jury's verdict was manifestly unjust, and to the determination of intentional torts by state actors, which should be found only if the alleged tort shocks the conscience." *United States v. Coplan*, 703 F.3d 46, 92 (2d Cir. 2012) (internal quotation marks and citations omitted).

Williamson argues that it was substantively unreasonable to impose five years of supervised release, rather than four, because "[t]here is no basis to suggest that [he] could get through four years of supervised release only to violate the law during the fifth year." Appellant Br. 25-26. Whatever Williamson may think about the likelihood of his re-offending in the fifth as opposed to fourth year of his supervised release, there is nothing unreasonable about the District Court's sentence. Quite to the contrary, the District Court carefully considered Williamson's extensive recidivist history and made a considered decision that five years represented an appropriate term of supervised release based on the relevant factors set out in 18 U.S.C. § 3553(a). This decision was not manifestly unjust, shocking to the conscience, an abuse of discretion, or in any other way unreasonable.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the December 14, 2011 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3