United States v. Johnson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-3371

LAYNE JOHNSON, AKA LW
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Nicholas J. Pinto, Esq., New York, NY.

FOR APPELLEES:              David C. James (John J. Durham on the brief), for Bridget M. Rohde, Acting United States Attorney for the Eastern

1

District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Layne Johnson appeals from the order of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>) denying his motion for a sentence reduction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Johnson contends the district court abused its discretion in denying his motion to reduce his sentence following a reduction in the applicable guideline range and that his sentence was procedurally and substantively unreasonable. We find no merit in the claims.

**1.** "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court *may* reduce the term of imprisonment[.]" 18 U.S.C. § 3582(c)(2) (emphasis added). Section 3582(c)(2) requires courts to conduct a "two-step inquiry." <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010). "First, the defendant in question must be *eligible* for a reduction in sentence." <u>United States v. Mock</u>, 612 F.3d 133, 137 (2d Cir. 2010). A defendant is eligible if he was sentenced pursuant to an amended guideline, and if a reduced sentence would be consistent with policy guidance from the Sentencing Commission. <u>Id.</u> The parties agree that Johnson is eligible for a sentence reduction.

Second, the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." <u>Id.</u> (quoting <u>Dillon</u>, 560 U.S. at 827). The district court denied Johnson's motion at step two, a decision we review for abuse of discretion. <u>United States v. Borden</u>, 564 F.3d 100, 104 (2d Cir. 2009).

At Johnson's initial sentencing, the sentencing range was 78 to 97 months, and the sentence imposed was 78 months.

2

Under the amended Guidelines, his sentencing range would be 63 to 78 months. His basis for claiming abuse of discretion is that 78 months was at the low end of the original range but occupied the high end of the amended range. The fact that the Guidelines were amended does not alone entitle Johnson to a new sentence; rather, the district court is instructed to consider various sentencing factors and consider, in its discretion, whether a new sentence is warranted. See Mock, 612 F.3d at 137. Here, the district court considered the relevant factors and concluded that a new sentence was unwarranted. We find no abuse of discretion in that determination, despite Johnson's allegations of several errors.

Johnson argues that the district court improperly focused only on "policy-based factors that Johnson had no control over," such as "the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, [and] to afford adequate deterrence." Appellant's Br. at 14 (emphasis omitted). But the district court is *required* to consider those factors in ruling on the motion. See 18 U.S.C. §§ 3582(c)(2), 3553(a). Johnson argues that these factors "never change" and that he has "no control" over them. But while the *policy goals* that underlie these factors do not change, the *application* of these sentencing factors to the specific facts of a particular case does change. Here, the district court ultimately found that the sentencing factors still warranted a 78-month sentence. There was no abuse of discretion in that finding.

Johnson argues abuse of discretion in the district court's weighing of the sentencing factors. Johnson complains that the district court improperly focused on his disciplinary record in prison and failed to consider his personal characteristics such as his history of substance abuse and his service record in the Navy. These arguments are unavailing. The district court could properly consider his prison disciplinary record, see United States v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013) (per curiam), and there is no indication that it played an outsized role in the district court's decision. The district court also stated that it reviewed Johnson's pre-sentence report, sentencing memoranda, and the parties' filings in the present motion; these documents discussed Johnson's personal history.

3

In sum, Johnson has not demonstrated that the district court abused its discretion in denying his motion.

**2.** Johnson's brief also discusses substantive and procedural reasonableness. Johnson does not meaningfully argue that there was any procedural error in his sentence, and his discussion of "substantive unreasonableness" appears to be a conclusory recasting of his § 3582 arguments. In short, he provides no reason to question the propriety of his sentence. In any event, in his plea agreement, Johnson waived the right to appeal a sentence of 108 months or below.

For the foregoing reasons, and finding no merit in Johnson's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK