United States v. Martinez-Martinez (Frias)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of September, two thousand eighteen.

PRESENT:
        ROBERT A. KATZMANN,
          *Chief Judge,*
        RAYMOND J. LOHIER, JR.,
          *Circuit Judge,*
        TIMOTHY C. STANCEU,*
          *Judge.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                 No. 17-3923

ROBERTO MARTINEZ-MARTINEZ, AKA
Papito, AKA Roberto Martinez, MIGUEL ANGEL
MARTINEZ-SANDOVAL, AKA Movie,

        *Defendants*,

OCTAVIO FRIAS,

        *Defendant-Appellant*.

_____

For Defendant-Appellant:        OCTAVIO FRIAS, *pro se*, White Deer, PA.

---

* Judge Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

For Appellee:                          ADAM HOBSON, Hagan Scotten, Assistant United States
                                       Attorneys, *for* Geoffrey S. Berman, United States Attorney
                                       for the Southern District of New York, New York, NY.


Appeal from an order of the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the order of the district court is **AFFIRMED**.

Appellant Octavio Frias moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence for conspiracy to commit murder based on Amendment 782 to the United States Sentencing Guidelines. The district court denied the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if he is eligible for a reduction because he was sentenced based on a Guidelines range that was subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). We review de novo a district court's determination as to whether a defendant is eligible for a sentence reduction under this section. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

The district court correctly determined that Frias was not eligible for a sentence reduction. "Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels." *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016); *see also* U.S.S.G., Supp. to App. C, am. 782. But Frias's guidelines range was unaffected by the amendment. His total offense level (43) was calculated based on U.S.S.G. § 2A1.1, which was not affected by Amendment 782.

2

U.S.S.G. § 2A1.1. Because Frias's offense level remained unchanged from his original sentencing, he is ineligible for a sentence reduction. *See United States v. Mock*, 612 F.3d 133, 137–38 (2d Cir. 2010) (determining that defendant was ineligible for sentence reduction where he was sentenced under a guidelines section that was unaffected by a guidelines amendment). And because Frias is not eligible for a sentence reduction, the district court did not err by failing to apply the 18 U.S.C. § 3553(a) factors. *See Christie*, 736 F.3d at 194 ("If, and only if, a defendant is eligible for a reduction in sentence . . . then . . . the district court [must] consider any applicable § 3553(a) factors." (citation omitted)).

Frias argues that the district court erred by applying § 2A1.1 and should have calculated his guidelines range based on the drug offense guidelines. In addition, he challenges the substantive reasonableness of his sentence. These arguments are barred by the law of the case doctrine because we previously affirmed Frias's conviction and sentence. *See United States v. Frias*, No. 04-4106-cr, slip op. at 3 (2d Cir. Sept. 28, 2005) (affirming conviction); *United States v. Frias*, 521 F.3d 229, 234, 236 (2d Cir. 2008) (affirming sentence); *see also United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007) ("[T]he law of the case doctrine ordinarily will bar a defendant from renewing challenges to rulings made by the sentencing court that were adjudicated by this Court—or that could have been adjudicated by us had the defendant made them—during the initial appeal[.]").

We have considered all of Frias's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3