United States of America v. Lopez (Morel)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                                18-2406

FABIO MOREL, also known as Fabian Luna, also known as Efrain Delvalle,

                     *Defendant-Appellant,*

AMAURY LOPEZ, JR., also known as Junior, also known as Sealed Defendant 1, AMAURY LOPEZ, SR., WILLIAM POZO, MARIBEL LOPEZ,

                     *Defendants.*

_____

Appearing for Appellant:     Fabio Morel, pro se, Danbury, CT.

Appearing for Appellee:      Jim Ligtenberg (Daniel B. Tehrani, *on the brief*), Assistant United
                             States Attorneys, *for* Geoffrey S. Berman, United States Attorney
                             for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

       **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Fabio Morel appeals from the July 30, 2018 order of the United States District Court for the Southern District of New York (Crotty, *J.*), denying his motion for a reduction of his sentence. Morel contends he is eligible for a sentence reduction under 18 U.S.C. Sec. 3582(c)(2) based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels for most drug crimes. The district court denied Morel's motion, concluding that he was ineligible for a sentence reduction because the Guidelines sentencing range applied to Morel was based on the murder committed during the drug trafficking conspiracy for which he was convicted, and not on the amount of drugs involved in the conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under 18 U.S.C. Sec. 3582(c)(2), a district court may reduce a defendant's term of imprisonment if his sentence was based on a sentencing range that the United States Sentencing Commission subsequently lowered. *United States v. Borden*, 564 F.3d 100, 103 (2d Cir. 2009). This Court reviews de novo a district court's determination of whether a defendant is eligible for a sentence reduction based on a post-sentence lowering of the defendant's Guideline sentencing range. *See, e.g.*, *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

Here, the district court correctly determined that Morel was ineligible for a sentence reduction. "Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels." *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016) (citations omitted). But Morel's total offense level (43) was calculated based on cross-reference to U.S.S.G. Sec. 2A1.1, the first-degree murder guideline, which Amendment 782 did not affect. The district court that sentenced Morel specifically stated that "with the cross reference to the murder guideline . . . the correct calculation of the offense level is 43."[1]

Morel is ineligible for a sentence reduction because Morel's offense level thus remained unchanged from his original sentencing. *See United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010) (determining that defendant was ineligible for sentence reduction where he was sentenced under a Guidelines section that was unaffected by a Guidelines amendment). And, because Morel is ineligible for a sentence reduction, the district court did not err by failing to apply the Sec. 3553(a) factors. *See Christie*, 736 F.3d at 194 ("If, and only if, a defendant is eligible for a reduction in sentence . . . then . . . the district court [must] consider any applicable § 3553(a) factors[.]" (quotation and citation omitted)).

Morel's arguments concerning the district court's decision to deny him a sentence reduction are meritless. Accordingly, the district court properly denied his motion.

---

[1] Morel's contention on appeal that the district court did not rely on the homicide guidelines is incorrect given the district court's clear statement that the murder cross-reference applied.

    We have considered the remainder of Morel's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.


                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk