22-1644-cr
*United States v. Bright*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-three.

PRESENT:   ROSEMARY S. POOLER,
           BARRINGTON D. PARKER,
           ALISON J. NATHAN,
               *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

                *Appellee*,

           v.                                           22-1644-cr

SIDNEY BRIGHT,

                *Defendant-Appellant*.

———————————————————————————

For Defendant-Appellant:        Sidney Bright, *pro se*, Otisville, NY.

For Appellee:                   Alexandra S. Messiter, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Sidney Bright, a federal prisoner proceeding *pro se* on appeal, appeals district court orders denying sentence reductions under Section 404 of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Background

In 2010, a jury convicted Bright of conspiring to possess and distribute crack cocaine in violation of 21 U.S.C. § 846 and possessing a firearm in furtherance of a drug-related conspiracy in violation of 18 U.S.C. § 924(c)(1)(A). Bright was acquitted of two additional charges related to murder.

Judge Pauley, who had presided over Bright's trial, sentenced Bright to 400 months' imprisonment on the conspiracy charge and a consecutive 60 months' imprisonment on the possession charge, followed by a lifetime of supervised release. In doing so, the court relied on Bright's acquitted conduct, finding that the Government had proven Bright's involvement in a murder "by clear and convincing evidence, in [its] view by overwhelming evidence." Transcript of Proceedings at 28, *United States v. Bright*, No. 6-cr-242 (S.D.N.Y. Jan. 10, 2012), ECF No. 139. Instead of using the base offense level associated with a drug quantity, the court applied the higher base offense level associated with first degree murder.

In 2020, Bright filed two *pro se* motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment that lowered the Guidelines range for certain drug offenses.

Then, through counsel, Bright filed a motion for a sentence reduction under Section 404 of the First Step Act and, in the alternative, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Judge Preska issued two orders, first denying Bright's counseled motion and then denying Bright's *pro se* motions. In the first order, she determined that the relevant 18 U.S.C. § 3553(a) factors—in particular, the violent nature of the offense conduct—counseled against reducing Bright's sentence under the First Step Act or granting him compassionate release under § 3582(c)(1)(A). *United States v. Bright*, No. 6-cr-242, 2022 WL 541225, at *7–8 (S.D.N.Y. Feb. 23, 2022). In the second order, Judge Preska denied Bright's *pro se* motions based on the same weighing of the § 3553(a) factors, without deciding whether Bright was eligible for a sentence reduction pursuant to § 3582(c)(2). *United States v. Bright*, No. 6-cr-242, 2022 WL 717881, at *1 (S.D.N.Y. Mar. 10, 2022). Bright filed a motion for reconsideration, which Judge Preska also denied. *United States v. Bright*, No. 6-cr-242, 2022 WL 2716477, at *1 (S.D.N.Y. July 13, 2022). Bright appealed, challenging these three orders.

## II. Discussion

We review the denial of a motion for a discretionary sentence reduction and the denial of a motion for reconsideration for abuse of discretion, while reviewing underlying matters of statutory interpretation *de novo*. *See United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (§ 3582(c)(1)(A)); *United States v. Moore*, 975 F.3d 84, 88–89 (2d Cir. 2020) (First Step Act); *United States v. Borden*, 564 F.3d 100, 101 (2d Cir. 2009) (§ 3582(c)(2)); *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (motion for reconsideration). A district court abuses its discretion if its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence" or if it "cannot be located within the range of permissible decisions." *Borden*, 564 F.3d at 104 (internal citation omitted).

We conclude that the district court did not abuse its discretion in denying Bright's motions. First, with respect to Bright's counseled motion, a district court may deny relief under Section 404 of the First Step Act and § 3582(c)(1)(A) based on a discretionary determination that the § 3553(a) factors counsel against a sentence reduction. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that a district court may deny a § 3582(c)(1)(A) motion "in sole reliance on the applicable § 3553(a) sentencing factors"); *United States v. Davis*, 961 F.3d 181, 191 (2d Cir. 2020) ("Section 404 relief is discretionary . . . and a district judge may exercise that discretion to deny relief where appropriate.").

The district court did not abuse its discretion in deciding that the § 3553(a) factors weighed against reducing Bright's sentence. The court considered the seriousness of the underlying offense, the need to provide just punishment, and the need to protect the public. The court also took into account evidence of Bright's rehabilitation but concluded that "the fact remains that this 52-year-old terrorized his fragile community with drugs and guns for a decade, ordering shots to be fired on public streets, and ordering the murder of a drug rival for his crass commercial goals." *Bright*, 2022 WL 541225, at *8. Bright's argument that the court should have granted more weight to his rehabilitation is unavailing because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal citation omitted). Bright's contention that the district court should not have considered his acquitted conduct is likewise foreclosed by precedent establishing that district courts may consider acquitted conduct in sentencing, "so long as that conduct has been proved by a preponderance of the evidence." *United States v. Delva*, 858 F.3d 135, 160 (2d Cir. 2017) (citing *United States v. Watts*, 519 U.S. 148, 157 (1997)). The district court's discussion

4

of Bright's past conduct did not amount to a "clearly erroneous assessment of the evidence." *Borden*, 564 F.3d at 104 (internal citation omitted). Rather, its conclusions are supported by the record and consistent with the court's prior consideration of the acquitted conduct.

Second, in Bright's *pro se* motions for relief under § 3582(c)(2), he argued that he is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. However, Bright's Guidelines range stemmed not from § 2D1.1(c), the now-amended drug quantity table, but rather from § 2D1.1(d)(1), the murder cross-reference to § 2A1.1, which was not affected by Amendment 782. In any event, even if Bright were eligible for a sentence reduction pursuant to § 3582(c)(2), the district court did not abuse its discretion in determining that a reduction was unwarranted based on its weighing of the relevant § 3553(a) factors. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010).

Finally, the district court did not abuse its discretion in denying Bright's motion for reconsideration. The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc.*, 684 F.3d at 52 (internal citation omitted). Bright has not pointed to any controlling decisions or facts that the district court overlooked.

We have considered Bright's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5