24-2754-cr
*United States v. Carillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-six.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          EUNICE C. LEE,
                    *Circuit Judges.*

——————————————————————————

UNITED STATES OF AMERICA,
                    *Appellee,*

                    v.                                    24-2754-cr

PEDRO CARILLO, A.K.A. P,
                    *Defendant-Appellant.*[*]

——————————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

For Appellee:                    GEOFFREY M. STONE (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:      CARLY LEVENSON, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Kari A. Dooley, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 9, 2024, order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Pedro Carillo appeals the district court's denial of his motion for a sentence reduction. Carillo contends that the court's denial, effected by checking a box on a form indicating that the court had undertaken the relevant considerations, precludes meaningful appellate review. We agree. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"[D]istrict courts generally may not modify a term of imprisonment once it has been imposed." *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013). But

2

where, as here, the term of imprisonment was based on a sentencing range recommended by the United States Sentencing Guidelines and that range "has subsequently been lowered by the Sentencing Commission[,] . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," namely Guidelines § 1B1.10. 18 U.S.C. § 3582(c)(2); *see also Christie*, 736 F.3d at 194.

To determine whether a sentence reduction is warranted following a guidelines amendment, the district court must first decide "whether the defendant . . . is '*eligible* for a reduction.'" *Christie*, 736 F.3d at 194 (emphasis in original), quoting *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010). "If, and only if, a defendant is eligible . . . , then the second step of the analytical framework . . . requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Mock*, 612 F.3d at 137, quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010).

To permit meaningful appellate review of its decision concerning a motion for a sentence reduction, a district court "need only 'set forth enough to satisfy the appellate court that [it] . . . considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018), quoting *Rita v. United States*, 551 U.S. 338, 356 (2007). "Just how much of an explanation [is enough], however, depends . . . upon the circumstances of the particular case." *Id.* at 116. "The failure to state reasons will not always require a remand." *Christie*, 736 F.3d at 196. "In some situations, such a failure may be harmless, because . . . the reasons for the district court's actions may be obvious from the history of the case." *Id.* In other words, "[i]n some cases, it may be sufficient for purposes of appellate review that the [court] simply relied upon the record, while making clear that [it] . . . considered the parties' arguments and . . . account[ed] [for] the § 3553(a) factors, among others." *Chavez-Meza*, 585 U.S. at 116. "But in other cases, more explanation may be necessary (depending, perhaps, upon the legal arguments raised at sentencing)." *Id.* (citation omitted). And we have "broad discretion" to demand further explanation. *Id.*, quoting *Molina-Martinez v. United States*, 578 U.S. 189, 204 (2016); *see also id.* ("If the court of appeals considers an explanation inadequate in a particular case, it can send the case back to the district court for a

4

more complete explanation."); *id.* at 119 ("[T]he courts of appeals are well suited to request a more detailed explanation when necessary.").

Here, the district court's reasons for denying Carillo's motion are not obvious from the record.[1] The order itself consists only of a checked box on a standard form denying the motion and reciting boilerplate language that the court "considered [the] motion, . . . the policy statement set forth at USSG §1B1.10[,] and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." App'x 61. Although the form provides space for further explanation, the court provided none. On the specific facts of this case, the form order alone is insufficient to allow us to discern the district court's "reasoned basis for exercising [its] . . . decisionmaking authority," *Chavez-Meza*, 585 U.S. at 113, quoting *Rita*, 551 U.S. at 356, and thus to allow us to exercise our responsibility to review whether the basis for its decision was within its considerable discretion.

---

[1] We focus on the second step of the analytical framework applied to a motion for a sentence reduction. *See Mock*, 612 F.3d at 137. As in *Christie*, "although the district court's order d[id] not explicitly state that [Carillo] was eligible for a reduced sentence, we may presume that the [district] court . . . recognized [Carillo's] eligibility for a reduced sentence, and then proceeded, in an exercise of its discretion, to decline to lower [his] sentence." 736 F.3d at 195.

The government—which did not oppose Carillo's motion in the district court—argues that the court's reasoning can be inferred from the "simple" record in this case. Appellee's Br. 24. It urges us that it is obvious from the record that the district court, familiar with Carillo's case, concluded that a reduction was unwarranted regardless of the guidelines because Carillo was a violent criminal who "le[d] a serious gang-related assault," involving the kidnapping and torture of another gang member. *Id.* It also is true, as the government points out, that the district court happened to have considered at sentencing the potential effect on its thinking of a finding that the correct guidelines range was the one now applicable to Carillo (147–162 months), and nonetheless concluded that its sentence would be the same 161 months whether it started with that range or with the range that it actually adopted (161–180 months).[2] These speculations may well be correct, and if the court had articulated those reasons, we might well find the denial within the court's broad discretion over whether to grant a sentence reduction.

---

[2] The district court considered the 147–162-month range because the plea agreement contemplated a two-level increase to Carillo's base offense level under Guidelines § 3B1.1 (which accounts for a defendant's leadership role in criminal activity), rather than the four-level increase ultimately imposed by the court.

But we do not conclude that it is simply "obvious" from the record,

*Christie*, 736 F.3d at 196, that these were the reasons for the court's denial of

Carillo's motion. Though the seriousness of the offense provided a strong basis

for the 161-month term of imprisonment originally imposed by the court, over six

years have passed since that sentence was imposed, and Carillo argues that his

record during that time shows that he is now rehabilitated. With respect to the

change in the guidelines, we cannot conclusively determine that, if the district

court were considering *just* the 147–162-month range now applicable, its sentence

would have been, or would still be, the same. The rationales animating the

calculations of the 147–162-month range now and the same range before are

rather different. The calculation of that range at sentencing was based on the

parties' plea agreement, which erroneously downplayed Carillo's leadership role

in the offense; the new calculation is based on a guidelines amendment reflecting

the determination of the United States Sentencing Commission that the prior

"status" enhancement required by the guidelines—increasing a defendant's base

offense level when the defendant committed the crime while under

supervision—was ill-advised. It is not obvious that we should ignore such

differences.[3]

The government might well be correct about the district court's thinking; the court may have believed that the original sentence was the appropriate sentence regardless of the guidelines calculation, due primarily to the seriousness of the offense. And the court may have concluded that the evidence of rehabilitation proffered by Carillo was either unpersuasive in its own right or insufficient to outweigh the seriousness of the crime, such that a reduction in sentence was inappropriate regardless of any improvement in Carillo's character. But, rather than make needless assumptions as to what the court's reasoning may have been, we prefer not to speculate and instead choose to exercise our discretion to allow the district court on remand to explain its thinking—which explanation may be concise.

Of course, we do not mean to imply any view as to how the court should exercise its discretion on remand. Nor do we conclude that district courts must in *every* case amplify their reasoning beyond the checking of the "denied" box on

---

[3] *A fortiori*, it is not obvious from the record that if, as Carillo posits, the district court were instead faced with a dispute about whether the proper guidelines range should be 135–147 months (applying the amended guidelines to the guidelines calculation contemplated by the parties in the plea agreement) or 147–162 months, the court's sentence would nonetheless be the same.

the form. We simply conclude that because the record in "*this* case," *Chavez-Meza*, 585 U.S. at 120 (emphasis in original), fails to make the reasons for the denial of Carillo's motion "obvious," *Christie*, 736 F.3d at 196, we cannot meaningfully review the court's decision, and we therefore ask the district court to further explain its reasoning.

We have considered the government's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the order of the district court, and **REMAND** the matter to the district court for further elaboration of its reasoning.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9